UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL MARCELO CUZCO,

                    Plaintiff,

     v.                                          CIVIL ACTION

ORION BUILDERS, INC., and JAN KVAS,

                    Defendants.

Case No. **06 CIV. 2789**

**ROBINSON**

## COMPLAINT

### INTRODUCTION

1. While Plaintiff worked for Defendants' Dutchess County-based construction business, he and other workers were never paid overtime, although they frequently worked 56 or more hours per week; and Defendants did not pay "spread of hours" wages, in violation of New York State Labor Law, although Plaintiffs routinely worked more than 10 hours per day. Defendants also did not pay Plaintiff any wages for several weeks of work, in violation of federal and state minimum wage laws. Finally, Defendants required Plaintiff and others to leave a "security deposit" equal to one-month's wages. As a result, Plaintiff and others were not paid at all until they had worked for the Defendants for 30 days. This practice violated federal and state labor laws.

2. This case is an action to remedy the failure of Defendants to pay the Plaintiffs the minimum wage and overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and its implementing regulations, and Article 19 of New York State Labor Law and its implementing regulations. Plaintiffs also seek to remedy Defendants' violation of New

York's spread-of-hours law and New York Labor Law provisions requiring timely payment of wages.

**JURISDICTION**

3. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

4. Supplemental jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. § 1367.

**VENUE**

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). A substantial part of the events and occurrences underlying this litigation occurred within this District.

6. The unlawful employment practices described in this complaint were committed within this District.

7. Upon information and belief, Defendants reside and/or regularly do business within this District.

**PARTIES**

**A.     Plaintiffs**

8. Plaintiff SAUL MARCELO CUZCO was employed at Defendants' operations on one or more occasions between on or about September 1, 2002 and September 1, 2005.

9. Plaintiff and others similarly situated were employees of Defendants within the meaning of the FLSA.

10. Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

11. Plaintiff was a manual laborer within the meaning of New York Labor Law.

12. Plaintiff was an employee of Defendants within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

13. As employees of Defendants, the Plaintiff and others similarly situated worked at Defendants' construction business.

14. Plaintiff and others similarly situated were engaged in interstate commerce or in the production of goods for interstate commerce while working for Defendants.

15. Plaintiff agrees and consents to be party Plaintiff in this lawsuit for claims brought under the FLSA. A Notice of Consent executed by Plaintiff is attached hereto.

**B. Defendants**

16. Defendant ORION BUILDERS, INC. ("ORION") is a New York corporation with its registered address at 22 High Ridge Road, Hopewell Junction, New York 12533 principal, in the County of Dutchess.

17. Defendant Orion regularly conducts business in Dutchess County, New York and elsewhere within the jurisdiction of this Court, and possibly in other states.

18. At all relevant times, Defendant JAN KVAS owned and operated Orion and, upon information and belief, resided in the County of Dutchess.

19. Defendant Jan Kvas regularly conducts business in Dutchess County, New York and elsewhere within the jurisdiction of this Court, and in other states.

20. Defendant Jan Kvas exercised control over the work performed by Plaintiff and others similarly situated.

21. Defendant Jan Kvas had the power to establish, and did establish, the terms of employment of Plaintiff and others similarly situated.

22. Defendant Jan Kvas determined the salary to be paid to Plaintiff and others similarly situated.

23. Defendant Jan Kvas had the power to hire and fire Plaintiff and others similarly situated.

24. Defendant Jan Kvas exercised operational control over significant aspects of the day-to-day functions of Orion.

25. Defendant Jan Kvas actively managed, supervised, and directed the business and operations of Orion.

26. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

27. At all relevant times, Defendants were employers and/or joint employers of Plaintiff and others similarly situated.

**FACTS**

28. Plaintiff and others similarly situated were employed by Defendants.

29. Plaintiff and others similarly situated regularly worked more than 40 hours per week for Defendants.

30. Plaintiff and others similarly situated were not paid time and one-half for every hour worked over 40 hours per week.

31. Plaintiff regularly worked more than 10 hours per day for Defendants.

32. While employed by Defendants, the spread of hours from the start to the finish of Plaintiff's workday regularly exceeded 10 hours.

33. Defendants failed to pay Plaintiff an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiff's spread of hours exceeded 10 hours.

34. Defendants did not pay Plaintiff at all for at least two weeks of work.

35. Defendants required Plaintiff and others similarly situated to leave their first 15 days' wages with Defendants as a "security deposit". As a result, Plaintiff and others similarly situated worked for approximately 30 days without receiving any wages.

36. Defendants' failure to pay Plaintiff and others similarly situated the proper and timely wages required by law was willful.

37. All actions and omissions described in this Complaint were made by Defendants directly or through Defendants' supervisory employees and agents.

### FIRST CAUSE OF ACTION (COUNT I)
### FAIR LABOR STANDARDS ACT
### (REPRESENTATIVE ACTION)

38. Plaintiff and others similarly situated reallege and incorporate by reference the allegations set forth in paragraphs 1 through 37 as if set forth fully here.

39. Plaintiff represents additional similarly situated employees of the Defendants who suffered violations of the FLSA minimum wage and overtime provisions, and who will be joined collectively pursuant to 29 U.S.C. § 216(b).

40. Defendants failed to pay the minimum wage of $5.15 per hour to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act, 29 U.S.C. §206 and its implementing regulations.

41. Defendants failed to pay overtime wages to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act, 29 U.S.C. §207 and its implementing regulations.

42. Defendants' violations of the FLSA were willful, in that the Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

43. Defendants' failure to comply with the FLSA minimum wage and overtime protections caused Plaintiff and others similarly situated to suffer loss of wages and interest thereon.

44. Plaintiff and others similarly situated are entitled to their unpaid wages, plus an equal amount as liquidated damages, as a consequence of the Defendants' actions and omissions in violation of the FLSA.

## SECOND CAUSE OF ACTION (COUNT II)
## NEW YORK LABOR LAW

45. Plaintiffs reallege and incorporate by reference the allegations set forth in paragraphs 1 through 44 as if set forth fully here.

46. Defendant paid the Plaintiffs less than the state-mandated minimum wage in violation of New York Labor Law, §§ 652 and 670 *et seq.*.

47. Defendants failed to pay overtime wages to Plaintiffs in violation of New York Labor Law Article 19 and its implementing regulations, 12 NYCRR §142-2.2, *et seq.*.

48. Defendant failed to pay Plaintiffs an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when Plaintiffs' work day from start to finish was longer than ten hours, in violation of New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

49. Plaintiffs was not paid weekly, nor did he receive his wages within seven calendar days of the end of the week in which the wages were earned, in violation of New York Labor Law § 191.

50. Defendants' failure to pay the required wages as set forth in paragraphs 48 through 50, *supra*, was willful within the meaning of New York Labor Law.

51. Plaintiff is entitled to his unpaid wages, plus an additional 25 percent as liquidated damages, and prejudgment interest, as a consequence of the Defendants' actions and omissions in violation of New York Labor Law in its implementing regulations.

WHEREFORE, Plaintiffs request that this Court enter an order:

    a. declaring that Defendants violated the Fair Labor Standards Act and New York Labor Law;

    b. declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

    c. enjoining the Defendants from committing future violations of the FLSA and New York Labor Law;

    d. granting judgment to Plaintiff and others similarly situated for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

    e. granting judgment to Plaintiff for claims brought pursuant to New York Labor Law as well as an additional 25% in liquidated damages, and prejudgment interest;

    f. awarding Plaintiff costs;

g.  awarding Plaintiff and others similarly situated reasonable attorneys' fees; and

h.  granting such further relief as the Court finds just and equitable.

Dated:  Kingston, New York
        April 5, 2006

Respectfully Submitted,

_____
Daniel Werner (DW-9986)
dwerner@wnylc.com
WORKERS' RIGHTS LAW CENTER
    OF NEW YORK, INC.
101 Hurley Ave., Suite 5
Kingston, NY  12401
(845) 331-6615
Facsimile: (845)331-6617
dwerner@wnylc.com

ATTORNEYS FOR PLAINTIFFS

## CONSENTAMIENTO PARA ACCION FLSA

Estoy de acuerdo y doy my consentimiento para ser demandante en un juicio bajo las leyes del tiempo extra, mantenamiento de antecendentes/archivos y/o sueldo mínimo del Acto de Normas de Labor Justas respeto con mi trabajo con la siguiente compañía/organización/persona:

Orion Builders, Inc., and Jan Kvas
_____
Nombre del Demandado

x _____
Firma del Demandante

Saul Marcelo Cuzco
_____
Nombre del Demandante

2-February-2007.
_____
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime, recordkeeping, and/or minimum wage provisions of the Fair Labor Standards Act with respect to my labor with the following party:

Orion Builders, Inc., and Jan Kvas
_____
Name of Defendant

_____
Plaintiff's Signature

Saul Marcelo Cuzco
_____
Plaintiff's Name

2-February-2007.
_____
Date