UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL MARCELO CUZCO,

                Plaintiff,

      v.

ORION BUILDERS, INC., individually and
doing business as ORION CARPENTRY,
and JAN KVAS, individually and doing business
as ORION CARPENTRY,

                Defendants.

CLASS ACTION

Case No. 06-CV-2789
(SCR)(LMS)

## FIRST AMENDED COMPLAINT

**INTRODUCTION**

1. While Plaintiff worked for Defendants' Dutchess County-based construction business, he and other workers were never paid overtime, although they frequently worked 56 or more hours per week; and Defendants did not pay "spread of hours" wages, in violation of New York State Labor Law, although Plaintiff routinely worked more than 10 hours per day. Defendants also did not pay Plaintiff any wages for several weeks of work, in violation of federal and state minimum wage laws. Finally, Defendants required Plaintiff and others to leave a "security deposit" equal to one-month's wages. As a result, Plaintiff and others were not paid at all until they had worked for the Defendants for 30 days. This practice violated federal and state labor laws.

2. This case is an action to remedy the failure of Defendants to pay the Plaintiff and others the minimum wage and overtime as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq. and its implementing regulations, and Article 19 of New York State Labor Law and its implementing regulations. Plaintiffs also seek to remedy Defendants'

violation of New York's spread-of-hours law and New York Labor Law provisions requiring timely payment of wages.

3. Plaintiff brings this case as a representative action for claims under the FLSA, and as a class action pursuant to Fed. RR. Civ. P. 23(a) and 23(b)(3) for claims brought under New York Labor Law.

**JURISDICTION**

4. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 28 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§2201 and 2202.

5. Supplemental jurisdiction over state law claims is conferred upon this Court by 28 U.S.C. § 1367.

**VENUE**

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b). A substantial part of the events and occurrences underlying this litigation occurred within this District.

7. The unlawful employment practices described in this complaint were committed within this District.

8. Upon information and belief, Defendants reside and/or regularly do business within this District.

**PARTIES**

**A.     Plaintiffs**

9.  Plaintiff SAUL MARCELO CUZCO was employed at Defendants' operations on one or more occasions between on or about September 1, 2002 and on or about September 1, 2005.

10. Plaintiff and others similarly situated were employees of Defendants within the meaning of the FLSA.

11. Plaintiff and others similarly situated were employees of Defendants within the meaning of New York Labor Law.

12. Plaintiff and others similarly situated were a manual laborers within the meaning of New York Labor Law.

13. Plaintiff and others similarly situated were employees of Defendants within the meaning of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.14.

14. As employees of Defendants, the Plaintiff and others similarly situated worked at Defendants' construction business.

15. Plaintiff and others similarly situated were engaged in interstate commerce or in the production of goods for interstate commerce while working for Defendants.

16. Plaintiff agrees and consents to be party Plaintiff in this lawsuit for claims brought under the FLSA.  A Notice of Consent executed by Plaintiff was attached to Plaintiff's initial Complaint.

**B. Defendants**

17. Defendant ORION BUILDERS, INC. ("Orion Builders") is a New York corporation with its registered address at 22 High Ridge Road, Hopewell Junction, New York 12533, in the County of Dutchess.

18. Orion Builders was incorporated in the state of New York on March 9, 2004.

19. At all relevant times, Defendant Orion Builders regularly conducted business in Westchester, Rockland, Putnam, and Dutchess Counties, New York, within the jurisdiction of this Court, and in Connecticut.

20. At all relevant times after March 9, 2004, Orion Builders regularly did business as "Orion Carpentry".

21. At all relevant times after March 9, 2004, Defendant JAN KVAS owned and operated Orion Builders.

22. At all relevant times, Defendants Jan Kvas regularly did business as "Orion Carpentry".

23. At all relevant times, Defendants Jan Kvas resided in the Dutchess County, New York.

24. At all relevant times, Defendant Jan Kvas regularly conducted business in Westchester, Rockland, Putnam, and Dutchess Counties, New York, within the jurisdiction of this Court, and in Connecticut.

25. Defendant Jan Kvas exercised control over the work performed by Plaintiff and others similarly situated.

26. Defendant Jan Kvas had the power to establish, and did establish, the terms of employment of Plaintiff and others similarly situated.

27. Defendant Jan Kvas determined the salary to be paid to Plaintiff and others similarly situated.

28. Defendant Jan Kvas had the power to hire and fire Plaintiff and others similarly situated.

29. Defendant Jan Kvas exercised operational control over significant aspects of the day-to-day functions of Orion Builders.

30. Defendant Jan Kvas actively managed, supervised, and directed the business and operations of Orion Builders.

31. Defendants Jan Kvas did not treat Defendant Orion Builders as a separate entity from himself as an individual and did not observe the formal legal requirements for treating Orion Builders as a separate entity.

32. Defendants Jan Kvas created and operated Defendant Orion Builders for the purpose of avoiding civil liability.

33. Upon information and belief, at all relevant times after March 9, 2004, Defendant Orion Builders was inadequately capitalized.

34. Defendant Orion Builders did not operate at arms length from Defendant Jan Kvas.

35. Defendant Orion Builders is an alter ego of Defendant Jan Kvas.

36. Defendants operate an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

37. At all relevant times, Defendants were employers and/or joint employers of Plaintiff and others similarly situated.

**CLASS ACTION ALLEGATIONS**

38. All claims for actual damages under New York Labor Law (Second Cause of Action) are brought by the Plaintiff on behalf of himself and all other similarly situated persons.

39. Class claims for actual damages under New York Labor Law are brought pursuant to Fed. RR. Civ. P. 23(a) and 23(b)(3). For the purpose of these claims, the class consists of all employees of Defendants who, between September 1, 2002 and the present, (1) worked over 40 hours per week; and/or (2) on any day had a spread of hours exceeding 10 hours.

40. The precise number of individuals in the class is known only to the Defendants. The class is believed to include over 60 individuals. Joinder of all class members is impracticable.

41. There are questions of law and fact common to the class.

42. The claims of the Plaintiff are typical of the claims of the class. The failure of the Defendants to comply with New York Labor Law served to deprive all class members of the protections of New York Labor Law.

43. Plaintiff will fairly and adequately protect the interests of the class.

44. The Plaintiff's counsel are experienced in conducting class actions in federal courts. The Plaintiff's counsel are prepared to advance costs necessary to litigate vigorously this action, including the cost of class notice.

45. The common claims set forth in the Second Cause of Action predominate over any questions affecting only individual class members.

46. The Plaintiff's interests in the claims set forth in the Second Cause of Action are in no way antagonistic or adverse to those of other class members.

47. A class action under Fed. R. Civ. P. 23(b)(3) is superior to other available methods of adjudicating the claims set forth in Counts II because, <u>inter alia</u>:

    a.    Common issues of law and fact, as well as the relatively small claim of each class member, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

    b.    Many of the class members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

    c.    There has been no litigation already commenced by members of the class to determine the questions presented; and

    d.    A class action can be managed without undue difficulty since Defendants have regularly committed the violations complained of herein and were required to maintain detailed records concerning each member of the class.

**FACTS**

48. Plaintiff and others similarly situated were employed by Defendants.

49. Plaintiff and others similarly situated regularly worked more than 40 hours per week for Defendants.

50. Plaintiff and others similarly situated were not paid time and one-half for every hour worked over 40 hours per week.

51. Plaintiff and others similarly situated frequently worked more than 10 hours per day for Defendants.

52. While employed by Defendants, the spread of hours from the start to the finish of Plaintiff's and other similarly situated workers' workdays regularly exceeded 10 hours.

53. Defendants failed to pay Plaintiff and others similarly situated an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when Plaintiff's and other similarly situated workers' spread of hours exceeded 10 hours.

54. Defendants did not pay Plaintiff at all for at least two weeks of work.

55. Defendants required Plaintiff and others similarly situated to leave their first 15 days' wages with Defendants as a "security deposit". As a result, Plaintiff and others similarly situated worked for approximately 30 days without receiving any wages.

56. Defendants did not display an up-to-date posting advising Plaintiff and other employees of their rights to earn the minimum wage and overtime.

57. Defendants' failure to pay Plaintiff and others similarly situated the proper and timely wages required by law was willful.

58. All actions and omissions described in this Complaint were made by Defendants directly or through Defendants' supervisory employees and agents.

## FIRST CAUSE OF ACTION (COUNT I)
## FAIR LABOR STANDARDS ACT
## (REPRESENTATIVE ACTION)

59. Plaintiff and others similarly situated reallege and incorporate by reference the allegations set forth in paragraphs 1 through 58 as if set forth fully here.

60. Plaintiff represents additional similarly situated employees of the Defendants who suffered violations of the FLSA minimum wage and overtime provisions, and who will be joined collectively pursuant to 29 U.S.C. § 216(b).

61. Defendants failed to pay the minimum wage of $5.15 per hour to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act, 29 U.S.C. §206 and its implementing regulations.

62. Defendants failed to pay overtime wages to Plaintiff and others similarly situated in violation of the Fair Labor Standards Act, 29 U.S.C. §207 and its implementing regulations.

63. Defendants' violations of the FLSA were willful, in that the Defendants knew or showed reckless disregard for the issue of whether Defendants' conduct was prohibited under the FLSA.

64. Defendants' failure to comply with the FLSA minimum wage and overtime protections caused Plaintiff and others similarly situated to suffer loss of wages and interest thereon.

65. Plaintiff and others similarly situated are entitled to their unpaid wages, plus an equal amount as liquidated damages, as a consequence of the Defendants' actions and omissions in violation of the FLSA.

## SECOND CAUSE OF ACTION (COUNT II)
## NEW YORK LABOR LAW

66. Plaintiff and others similarly situated reallege and incorporate by reference the allegations set forth in paragraphs 1 through 65 as if set forth fully here.

67. Defendant paid the Plaintiff and others similarly situated less than the state-mandated minimum wage in violation of New York Labor Law, §§ 652 and 670 *et seq.*

68. Defendants failed to pay overtime wages to Plaintiff and others similarly situated in violation of New York Labor Law Article 19 and its implementing regulations, 12 NYCRR §142-2.2, *et seq.*

69. Defendant failed to pay Plaintiff and others similarly situated an extra hour of pay at the basic minimum hourly wage rate before allowances, for every day when the work day of the Plaintiff and others similarly situated from start to finish was longer than ten hours, in violation of New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y. Comp. Codes R. & Regs., tit. 12, § 142-2.14.

70. Plaintiff and others similarly situated were not paid weekly, nor did they receive their wages within seven calendar days of the end of the week in which the wages were earned, in violation of New York Labor Law § 191.

71. Defendants' failure to pay the required wages as set forth in paragraphs 67 through 70, *supra*, was willful within the meaning of New York Labor Law.

72. Plaintiff and others similarly situated are entitled to their unpaid wages and prejudgment interest as a consequence of the Defendants' actions and omissions in violation of New York Labor Law in its implementing regulations.

WHEREFORE, Plaintiffs request that this Court enter an order:

    a. Certifying this cause as a representative action in accordance with the FLSA, 29 U.S.C. § 216(b) with respect to claims under the FLSA, as set forth in Count I;

    b. Certifying this cause as a class action in accordance with Fed. RR. Civ. P. 23(a) and 23(b)(3) with respect to the claims under New York Labor Law, as set forth in Count II;

    c. Declaring that Defendants violated the Fair Labor Standards Act and New York Labor Law;

    d. Declaring that Defendants' violations of the FLSA and New York Labor Law were willful;

    e. Enjoining the Defendants from committing future violations of the FLSA and New York Labor Law;

    f. Granting judgment to Plaintiff and others similarly situated for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

    g.    Granting judgment to Plaintiff and others similarly situated for claims brought pursuant to New York Labor Law as well as prejudgment interest;

    h.    Awarding costs to Plaintiff and others similarly situated;

    i.    Awarding reasonable attorneys fees to Plaintiff and others similarly situated; and

    j.    Granting such further relief as the Court finds just and equitable.

Dated:    Kingston, New York
           March 15, 2007                  Respectfully Submitted,

                                                s/ Daniel Werner
                                                Daniel Werner (DW-9986)
                                                dwerner@wnylc.com
                                                WORKERS' RIGHTS LAW CENTER
                                                      OF NEW YORK, INC.
                                                101 Hurley Ave., Suite 5
                                                Kingston, NY  12401
                                                (845) 331-6615
                                                Facsimile: (845)331-6617
                                                dwerner@wnylc.com

                                                ATTORNEYS FOR PLAINTIFFS