UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SAUL MARCELO CUZCO,                            |
       and others similarly situated,    |
                                |
                Plaintiffs,    |
                                |
        -against-    |          06 Civ. 2789 (KMW) (THK)
                                |
                                |          <u>OPINION AND ORDER</u>
ORION BUILDERS, INC. <u>et al.</u>,            |
                                |
                Defendants.    |
                                |
------------------------------------------------------X
KIMBA M. WOOD, U.S.D.J.:

       Plaintiff Saul Marcelo Cuzco brings this action, individually and on behalf of a

certified class, against Defendant Jan Kvas, individually and d/b/a Orion Carpentry, and

Defendant Orion Builders, Inc. (collectively, "Defendants"), alleging various overtime

and wage violations of both the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201

<u>et</u> <u>seq.</u>, and the New York Labor Laws (the "NYLL"), § 190 <u>et</u> <u>seq.</u>  Plaintiff, and

members of the certified class, renew their motion for summary judgment on claims

brought under the NYLL.  For the reasons discussed below, the Court GRANTS

Plaintiffs' motion for summary judgment on their NYLL claims (Dkt. No. 105), and

refers the case to Magistrate Judge Theodore H. Katz for an inquest into damages.

I.  <u>Background</u>

       The Court assumes the parties' familiarity with the procedural history and

underlying facts in this case, which are set forth in greater detail in the Court's September

30, 2009 Opinion and Order ("September 30 Order").  <u>Cuzco v. Orion Builders, Inc.</u>, 262

F.R.D. 325, 327-29 (S.D.N.Y. 2009).  They are summarized only to the extent they are

relevant here.

    A.  <u>Procedural History</u>

    On April 10, 2006, Plaintiff Cuzco filed a complaint in this action, alleging that

Defendants failed to pay him, and other similarity situated workers, (1) overtime wages;

(2) a minimum wage during certain workweeks, and (3) wages in a timely fashion, in

violation of both the FLSA and the NYLL.  The complaint also alleged that Defendants

failed to pay "spread of hours" wages — an extra hour of pay at the state minimum wage

for workdays exceeding ten hours — in violation of the NYLL.

    The case was originally assigned to Judge Stephen C. Robinson.  On March 12,

2007, Judge Robinson granted Plaintiff's motion to certify this action as a "collective

action" under the FLSA, and only two additional employees, Claudia Figueroa and

Bolivar Guiracocha, consented to join the FLSA collective action ("Opt-in Plaintiffs";

collectively, "Plaintiffs").

    On October 26, 2007, Plaintiffs moved for class certification on their NYLL

claims pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Plaintiffs

and Defendants cross-moved for summary judgment on both the FLSA and the NYLL

claims.[1]

    On June 5, 2009, this case was transferred to the undersigned.  In its September

30 Order, this Court (1) granted Plaintiffs' motion for class certification,[2] and (2) granted

---

[1] The FLSA requires potential plaintiffs in a collective action to affirmatively "opt in" to join the suit.  29 U.S.C. § 216(b).  In a Rule 23(b)(3) class action, plaintiffs are members of the class until they affirmatively "opt out" of the class proceeding.

[2] The Court certified the following NYLL class:  "All construction or carpentry workers who were employed by Defendants at any time from September 1, 2002 through December 31, 2005."  <u>Cuzco</u>, 262 F.R.D. 325, 335 (S.D.N.Y. 2009)

in part and denied in part Plaintiffs' motion for summary judgment.[3]  With respect to Plaintiffs' FLSA claims, the Court concluded that Plaintiffs were entitled to damages for (1) unpaid overtime wages, and (2) unpaid minimum wages during certain workweeks (as a result of Defendants' failure to reimburse its employees for the cost of tools they were required to purchase).  The Court found, however, that Plaintiffs failed to demonstrate that they were entitled to compensation for any late payment of wages under the FLSA.

With respect to Plaintiffs' NYLL claims, the Court stated that it would "consider the merits of Plaintiffs' NYLL class claims only after adequate notice has been sent to potential members of the NYLL class." Cuzco, 262 F.R.D. at 327.  Accordingly, the Court denied without prejudice Plaintiffs' motion for summary judgment on behalf of the class, and granted Plaintiffs leave to re-file their motion after adequate notice had been sent to potential class members.[4]

On January 29, 2010, Plaintiffs submitted this renewed motion for summary judgment on their NYLL class claims.[5]  As of this date, Defendants have submitted nothing in opposition.

     B. Factual Background

        1. The Parties

---

[3] The Court denied Defendants' motion for summary judgment in its entirety.

[4] The Court also noted that its decision "on Plaintiffs' FLSA claims [would] inform, and in many cases govern, any decision on the NYLL claims." Cuzco, 262 F.R.D. at 336 n.23.

[5] On October 23, 2009, the Court approved, as modified by the Court, class counsel's notice of class distribution, and set a deadline of December 23, 2009 for potential class members to opt out of the NYLL class proceedings, and of December 30, 2009 for class counsel to file opt out forms, if any, with the Court.  Class counsel has informed the Court that it did not receive any opt out forms from potential class members.

Defendant Jan Kvas, d/b/a Orion Carpentry, operated a construction business in Dutchess County, New York.  In March 2004, Defendant Kvas's business was incorporated as Orion Builders, Inc.

Plaintiff Cuzco was employed by Defendants as a construction and carpentry laborer between December 30, 2002 and October 9, 2004, and between at least April 30, 2005 and June 30, 2005.  Defendants employed between 66 and 79 other construction and carpentry workers from September 2002 through December 2005 (the "class period").

2.  <u>Payment of Wages</u>

Defendants' workers were paid based on a single hourly rate (between $8.50 per hour and $14.00 per hour during the class period), regardless of the number of hours they worked each week.  This resulted in their receiving neither overtime compensation nor "spread of hours" wages.

3.   <u>Tools of the Trade</u>

Defendants' workers were required to obtain certain tools as a condition of employment, including a circular saw, a hammer, and a sawsill, at a cost of approximately $250 to each worker.  (Pls. Rule 56.1 Stat. ¶¶ 21-22.)  They were not separately reimbursed by Defendants for the cost of these tools.

4.   <u>Timing of Payment</u>

Defendants' workers were paid every two weeks, and no earlier than two weeks after the end of the pay period in which those wages were earned.  (Pls. Rule 56.1 Stat. ¶ 27.)  Plaintiffs allege that Defendants structured the pay schedule so that Plaintiffs were "not paid at all until they worked for Defendant[s] for at least 30 days."  (Pls. Rule 56.1 Stat. ¶¶ 47-49.)

II.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate only if the pleadings, affidavits, and disclosures that form the record establish that there is no "genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). Summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict" in favor of the non-moving party.  <u>NetJets Aviation, Inc. v. LHC Commc'ns, LLC</u>, 537 F.3d 168, 178-79 (2d Cir. 2008).  The Court must construe the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor.  <u>In re "Agent Orange" Prod. Liab. Litig.</u>, 517 F.3d 76, 87 (2d Cir. 2008).  Evidence based on speculation or conjecture, however, is insufficient to defeat summary judgment.  <u>W. World Ins. Co. v. Stack Oil, Inc.</u>, 922 F.2d 118, 121 (2d Cir. 1990).

III.  <u>Plaintiffs' Renewed Motion for Summary Judgment</u>

Plaintiffs, individually and on behalf of the certified class, renew their motion for summary judgment on each of their NYLL claims:  that Defendants (1) failed to pay Plaintiffs overtime compensation; (2) failed to reimburse Plaintiffs for the cost of required tools; (3) failed to pay Plaintiffs weekly, and failed to pay Plaintiffs "within seven calendar days of the week they worked"; and (4) failed to pay Plaintiffs "spread of hours" wages.  As set forth below, the Court concludes that summary judgment is warranted on each of Plaintiffs' NYLL claims.

A.  <u>Overtime Compensation</u>

The NYLL provides that:  "An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in . . . the Fair Labor Standards Act."[6]  12 N.Y.C.R.R. § 142-2.2.

In its September 30 Order, the Court concluded that Defendants violated the overtime provisions of the FLSA by failing to pay Plaintiffs overtime compensation.  In reaching that conclusion, the Court rejected Defendants' argument that Plaintiffs' regular hourly wages included overtime wages.  Cuzco, 262 F.R.D. at 329-31.  Defendants concede that they paid all their workers in the same fashion.  Id.; see also id. at 334 n.20 (concluding that Defendants' "workplace requirements and pay practices were common to the proposed class").

Based on the findings in this Court's September 30 Order, the Court grants summary judgment in favor of Plaintiffs and members of the certified class on their NYLL overtime compensation claim.

B.  Failure to Reimburse for the Cost of Tools

In its September 30 Order, the Court determined that Defendants failed to reimburse Plaintiffs for the cost of tools that they were required to purchase.  The wages Plaintiffs were paid during their first workweeks were effectively diminished by the cost of the tools Plaintiffs were required to purchase.  The result was that certain Plaintiffs were paid less than the minimum wage during these weeks.  Cuzco, 262 F.R.D. at 332 (citing 29 C.F.R. § 531.35).  The Court rejected Defendants' argument that Plaintiffs

---

[6] There is no dispute that Plaintiffs and members of the certified class are "employees" within the meaning of the NYLL.  N.Y. Lab. L. §§ 190(2), 651(5); see also Cuzco, 262 F.R.D. at 329 n.7, 334 n.20 (noting that Defendants had stipulated that Plaintiff Cuzco was Defendants' "employee" and not an independent contractor, and finding that Defendants' other workers were similarly situated to Cuzco).

hourly wage was intended to cover the cost of these required tools, and granted summary judgement in Plaintiffs favor.  Id.[7]

The NYLL also protects an employee's right to a minimum wage from improper deductions for the cost of required tools.  See Yu G. Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 258, 260 n.43 (S.D.N.Y. 2008) ("[I]n measuring wages [under the FSLA and NYLL] we take into account the costs that plaintiffs incurred in purchasing bicycles after they were hired and in repairing them during their employment by defendants"); N.Y. Lab. L. § 193 ("No employer shall make any deduction from the wages of an employee . . . ."); see also 12 N.Y.C.R.R. § 137-2.5(b) (providing that, in restaurant industry, "[t]he minimum wage shall not be reduced by expenses incurred by an employee in carrying out duties assigned by his employer").  Defendants did not reimburse Plaintiffs, or any of its employees, for the cost of required tools.  Therefore, the Court grants summary judgment in favor of Plaintiffs and members of the certified class on their NYLL minimum wage claim.

C.  Timely Payment of Wages

The NYLL requires that "manual workers" be "paid weekly and not later than seven calendar days after the end of the week in which wages are earned."  N.Y. Lab. L. § 191(1)(a).  Plaintiffs and members of the certified class — construction and carpentry workers — appear to fit squarely within the definition of "manual worker" as that term is

---

[7] In its September 30 Order, the Court concluded that Plaintiffs were entitled to actual and liquidated damages for Defendants' violations of the FLSA's overtime and minimum wage provisions.  The Court found that Defendants failed to meet their burden of demonstrating that they (1) "acted in good faith" and (2) "had reasonable grounds for believing" that they were not violating the FLSA.  The Court stated that there was "no evidence to suggest that Defendants made any attempt to discern the requirements of the FLSA or comply with its mandates."  Cuzco, 262 F.R.D. at 331; see id. (noting that "double damages are the norm, single damages are the exception") (citing Reich v. Southern New England Telecoms. Corp., 121 F.3d 58, 71 (2d Cir. 1997)).

used in the NYLL.  See N.Y. Lab. L. § 190(4) (a manual worker is "a mechanic,

workingman, or labourer"); People v. Interborough Rapid Transit Co., 169 154 N.Y.S.

627, 630 (N.Y.A.D. 1st Dept. 1915) (explaining that the terms defining manual worker

should be interpreted as they are "ordinarily and naturally used"); see also IKEA U.S.

Inc. v. Industrial Bd. of Appeals, 660 N.Y.S.2d 585 (N.Y.A.D. 2d Dept. 1997).

Defendants have not submitted any authority to the contrary.  Accordingly, the Court

concludes that Plaintiffs and members of the certified class are manual workers under the

NYLL.

In this case, Defendants did not pay wages as often as the law requires, and did

not pay wages as early as the law requires.  Defendants paid wages every two weeks

(rather than weekly) and paid these wages no earlier than two weeks after the end of the

period in which those wages were earned.  These facts are undisputed.  Therefore,

Plaintiffs and members of the certified class are entitled to summary judgment on their

claims that Defendants violated the timely payment provisions of NYLL § 191.

D.  Spread of Hours

Under the NYLL, if an employee's workday exceeds 10 hours, he must receive

one additional hour's pay "at the basic minimum hourly wage rate."  12 N.Y.C.R.R. §

142-2.4; see Yang v. ACBL Corp., 427 F. Supp. 2d 327, 339-40 (S.D.N.Y. 2005).[8]

There is no dispute that Defendants did not pay Plaintiffs and members of the certified

class an extra of hour of pay when their "spread of hours" — defined as the "interval

between the beginning and end of an employee's workday" — exceeded 10 hours.  Id.

---

[8] The New York state minimum wage was $5.15 per hour in 2003 and 2004, and increased to
$6.00 per hour as of January 1, 2005,  See N.Y. Lab. L. § 652.

Thus, Plaintiffs and members of the certified class are entitled to summary judgment on their claims for unpaid "spread of hours" wages.[9]

IV.  Damages

The Court refers the case to Magistrate Judge Katz for an inquest into damages for Defendants' violations of the overtime, minimum wage, late payment, and spread of hours provisions of the NYLL.  As part of this inquest into damages, Magistrate Judge Katz shall also determine any issues related to the calculation of damages under the FLSA that were not resolved by the Court's September 30 Order.[10]

VI.  Conclusion

For the reasons stated above, the Court GRANTS Plaintiffs' renewed motion for summary judgment on their NYLL class claims (Dkt. No. 105), and refers the case to Magistrate Judge Katz for an inquest into damages.

---

[9] Under New York law, employees may be awarded liquidated damages equal to 25% of the total unpaid wages if the Court finds that the employer's failure to pay was "willful."  N.Y. Lab. L. § 198-1a.  Plaintiffs state in their moving papers that they do not seek liquidated damages under the NYLL for Defendants' violations, and therefore, the Court does not address whether Defendants' failure to pay was "willful" within the meaning of the NYLL.

[10] Specifically, in the Court's September 30 Order, the Court granted summary judgment to Plaintiff Cuzco in the amount of $228.98 on his FLSA minimum wage claim; to Opt-In Plaintiff Figueroa in the amount of $126.00 on his FLSA overtime claim; to Opt-In Plaintiff Guiracocha in the amount of $232.70 on his FLSA overtime and minimum wage claims.  Cuzco, 262 F.R.D. at 331-33, 336 n.24.  The Court did not grant summary judgment on Cuzco's overtime claim, because it was unable to determine, on the record before it, the number of hours, including overtime hours, Cuzco worked in 2005.  Cuzco, 262 F.R.D. at 331.  The Court refers to Magistrate Judge Katz a determination of the number of hours Cuzco should be deemed to have worked in 2005 "as a matter of just and reasonable inference" in light of Defendants' failure to produce complete payroll records for that year.  See Reich, 121 F.3d at 67, 69; Yang, 427 F. Supp. 2d at 327, 335-37.  In making this determination, Magistrate Judge Katz may consider any new evidence received as part of the inquest into damages.

The parties shall submit a joint letter to the Court, not later than June 9, 2010, setting forth any claims that remain for trial, and a proposed schedule for any motions and briefing the parties intend to submit before trial.

SO ORDERED.

Dated:  New York, New York
      May **26** , 2010

                                                Kimba M. Wood
                                      United States District Judge