UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL MARCELO CUZCO,

                           Plaintiff,                    Case No. 06-CV-2789 (THK)

        -against-

ORION BUILDERS, INC. et al.,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 3/7/11

## PRELIMINARY APPROVAL ORDER

**WHEREAS**, all counsel to this matter executed and submitted to the Court a Stipulation

and Agreement of Settlement (the "Settlement Agreement"), entered into pursuant to Rule 23(e)

of the Federal Rules of Civil Procedure by and between all parties, which sets out certain terms

and conditions of the settlement of this matter; and

**WHEREAS**, the Settlement Agreement requests that the Court preliminarily approve

certain components of the Settlement Agreement and requests that the Court set this matter down

for a Fairness Hearing to determine if the Settlement Agreement constitutes a fair settlement of

this matter.

**NOW THEREFORE IT IS HEREBY ORDERED**:

        1.      Pending a Fairness Hearing, the Court preliminarily approves the terms of the

Settlement Agreement including the plan of allocation described in the Notice annexed to the

Settlement Agreement.

        2.      The Court shall hold a Fairness Hearing, upon notice to the Class, to consider

whether:  (a) the Settlement Agreement should be approved as fair, reasonable and adequate to

the Class; (b) the Plan of Allocation is fair and reasonable and should be approved; and (c)

Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of costs and expenses should be approved as fair and reasonable.  The Fairness Hearing is scheduled for July 13, 2011, at 10:00 AM.

3.      The Notice attached to the Settlement Agreement as well as the method of distribution of such notices to the potential class members as set out in the Settlement Agreement is approved.

4.      The last date upon which requests for exclusion from the class settlement may be received and entertained shall be July 1, 2011.

5.      All objections to the Settlement, the plan of allocation, or the application for attorneys' fees and expenses, must be submitted to the Court no later than July 1, 2011.

6.      The Court hereby enjoins any and all actions or prosecution of any actions or claims that are or could be subject to the release and dismissal contemplated by the Settlement by any Class Member.

7.      The notice period shall commence immediately and terminate 150 days from the date this Preliminary Approval Order is entered into the docket in this matter.

8.      Counsel are instructed to insert into the Notice these dates, times and locations prior to distribution to the potential class members, as set out in the Settlement Agreement.

**SO ORDERED:**
**Dated:** ___*Mart* 8_, **2011**

_____
**Hon.**
**UNITED STATES DISTRICT COURT**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SAUL MARCELO CUZCO,

                    Plaintiff,                    **Case No. 06-CV-2789 (THK)**

    -against-

ORION BUILDERS, INC. et al.,

                    Defendants.

---

### NOTICE OF PROPOSED SETTLEMENT
### NOTICE OF FAIRNESS HEARING
### CLAIM FORM

TO:  All construction or carpentry workers who were employed by Jan Kvas or Orion Builders, Inc. at any time from September 1, 2002 through December 31, 2005

**YOUR RIGHTS MAY BE AFFECTED IF YOU DO NOT RETURN THECLAIM
FORM PROVIDED AT THE END OF THIS NOTICE BY AUGUST 5, 2011.**

**THIS SETTLEMENT WILL BE SUBJECT TO A FAIRNESS HEARING
BEFORE THE COURT WHICH WILL BE HELD ON JULY 13, 2011.**

**ANY OBJECTIONS YOU MAY HAVE TO THIS PROPOSED SETTLEMENT MUST
BE SUBMITTED TO THE CLERK OF COURT NO LATER THAN JULY 1, 2011.**

1.      <u>What is this notice about?</u>

This Notice is an official Court notice to let you know about a Class Action lawsuit in which you may be a Class Member if you worked for Defendant(s) at any time from September 1, 2002 through December 31, 2005.

As a Class Member you may be able to get money from a settlement of the lawsuit if you fill in, check "YES", sign, and return the last page of this document, which is the CLAIM FORM by August 5, 2011.

If you wish to be excluded from the settlement of this class action lawsuit, you must return the CLAIM FORM with the box marked "NO" checked.  This is a request for exclusion and it must be received no later than July 1, 2011, in order for it to be an effective request for exclusion.

If you check the box requesting exclusion, or if you do not return the last page of this form by August 5, 2011, you will not be able to receive any money from the settlement of this lawsuit.

1

If you do not think the settlement is fair, you can object to the Court, and this Notice will tell you how to make such an objection.

2.      What is the lawsuit about?

Saul Marcelo Cuzco, Claudio Figueroa, and Bolivar Guiracocha (we will call them the Plaintiffs) worked for Defendant(s) between 2002 and 2005. They sued the Defendants, claiming that they were not paid minimum wage and the required wages according to the Federal and State Labor Laws.

The Plaintiffs filed this case as a Class Action, which means that they filed it for themselves <u>and</u> for all of the other workers at similarly situated to them.

This lawsuit was brought in the United States District Court for the Southern District of New York.

3.      Why did I get this notice?

You received this notice because the lawyers for Plaintiffs and/or Defendants have information that may indicate that you are eligible to receive money from the settlement of this case.

If you know other workers who worked for Jan Kvas or Orion Builders, Inc. from September 1, 2002 through December 31, 2005 you may tell them to call the Plaintiffs' lawyers at (845) 331-6615 to get a copy of this notice.

4.      What is the settlement?

After negotiating, the Plaintiffs and the Defendants reached a settlement, which means that they reached an agreement to resolve the case.

For the settlement to apply to Class Members, the Court must still decide if the settlement is fair. **This settlement could affect your rights, so you should read this Notice carefully to decide whether you think the settlement is fair.**

The total amount that the Defendants will pay to settle this case is $17,000. This total settlement amount is allocated as follows: (i) $10,000 will be distributed to the Plaintiffs and the Class Members; (ii) $2,000 will be distributed to the Worker Rights Law Center, Inc. (the WRLC), for administration of the settlement proceeds; and (iii) $5,000 will be paid to Plaintiffs' lawyers, the WRLC and Charny & Associates to cover their fees and costs in the case.

In addition, Defendants have agreed to pay one half of any money recovered up to an additional $33,000 should there be any proceeds in a separate lawsuit against another company (<u>Orion Builders, Inc. and AJK Homes, Inc. v Andrea Lane Associates Corp.</u>). These "contingent" proceeds will be allocated, if received, as follows: (i) $22,000 will be distributed to the Plaintiffs and the Class Members; and (ii) $11, 000 will be paid to Plaintiffs' lawyers, the WRLC and Charny & Associates to cover their fees and costs in the case.

5.      What happens if there is money left over after paying all of the claims?

The Plaintiffs in this matter have designated Workers Education Center in Sullivan County, New York, as the recipient of any of the settlement proceeds that may remain after all of the claims are paid.

2

6.      What are my rights as a Class Member?

If it is determined that you are Class Member, you may have the right to receive money from the settlement.  If you do not want to participate in the settlement, you have the right to be excluded from the class and not receive any money from the settlement.  You also have the right to appear in this action through your own legal counsel if you so desire.

**IT IS AGAINST THE LAW FOR ANYONE TO RETALIATE AGAINST ANY CLASS MEMBER" FOR EXERCISING HIS OR HER RIGHTS UNDER THIS SETTLEMENT, INCLUDING CLAIMING SETTLEMENT MONEY.  If you think anyone has retaliated against you, or has threatened to retaliate in any way, call the Workers' Rights Law Center immediately at (845) 331-6615.**

**TO CLAIM YOUR SHARE YOU MUST:**

>        **(1)      FILL OUT, SIGN AND MAIL THE ENCLOSED CLAIM FORM BEFORE AUGUST 5, 2011.  YOU WILL NOT BE PAID ANY SETTLEMENT MONEY IF THE WORKERS' RIGHTS LAW CENTER DOES NOT RECEIVE THE CLAIM FORM BY AUGUST 5, 2011, AND YOU WILL NOT BE ABLE TO BRING YOUR OWN LAWSUIT AGAINST ANY OF THE DEFENDANTS IN THIS LAWSUIT ON THESE CLAIMS.**

>        **(2)      WRITE TO THE WORKERS' RIGHTS LAW CENTER IF YOU CHANGE YOUR ADDRESS.** Without a current address, it may not be possible to deliver your check for your share of the class settlement money.

The CLAIM FORM should be returned as soon as possible.

7.      What happens next?

There will be a hearing before Judge Katz at United States District Court, Southern District of New York, 500 Pearl Street, Courtroom 17D, New York, New York, 10007 on July 13, 2011, at 10:00 AM, to decide whether the settlement is fair, reasonable, and adequate.  If you want to object to the settlement, you must file your objection with the Clerk of the Court before July 1, 2011.  If you do write the Clerk, you should include in your letter the name of the case (Saul Marcelo Cuzco v. Orion Builders, Inc. and Jan Kvas) and the case number (06-CV-2789).

**YOU DO NOT HAVE TO BE PRESENT AT THE HEARING TO RECEIVE YOUR SHARE OF THE SETTLEMENT MONEY.  IF YOUR ARE A CLASS MEMBER AND YOU SEND THE COMPLETED CLAIM FORM CLAIMING YOUR SHARE OF THE SETTLEMENT MONEY, YOU WILL RECEIVE YOUR CLASS SHARE, PROVIDED THE COURT APPROVES THE FINAL CLASS SETTLEMENT.**

8.      For further information:

If you have questions about the settlement or need help understanding this Notice, you can contact the paralegal in charge of administering this settlement by writing or calling:

> Workers' Rights Law Center of New York, Inc.
> 101 Hurley Ave., Suite 5
> Kingston, NY 12401
> Tel.: (845) 331-6615

**<u>DO NOT</u> CALL THE COURT OR THE CLERK OF THE COURT.**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE FEDERAL DISTRICT COURT, HONORABLE THEODORE H. KATZ.  THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF THE PLAINTIFFS' CLAIMS OR OF DEFENDANTS' DEFENSES.**

4

# <u>CLAIM FORM</u>

**MY NAME:** _____

**MY ADDRESS:**

_____

_____

_____

**MY TELEPHONE NUMBER (if any):** _____

I worked (check all that apply):

_____   Orion Builders, Inc.  (Start date:_____, 200__; End date: ___ _____, 200__)

My Job Duties were: _____

_____   Jan Kvas. (Start date:_____, 200__; End date: _____, 200__)

My Job Duties were: _____

## <u>CHECK ONE:</u>

☐ **YES**, I wish to receive money from the settlement fund.

**IF YOU CHECK "YES" THIS FORM MUST BE RETURNED BY <u>AUGUST 5, 2011</u>.**

☐ **NO**, I do <u>not</u> want to receive money from the settlement fund; please exclude me from the class.

**DO NOT** send me a share of the settlement money.

**IF YOU CHECK "NO" YOU MUST RETURN THIS FORM BY <u>JULY 1, 2011</u>.**

-----------------------------------------------------------------------------------------------------------------

**RETURN THIS FORM TO:**

Workers' Rights Law Center of New York, Inc.
101 Hurley Ave., Suite 5
Kingston, New York  12401

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL MARCELO CUZCO,

          Plaintiff,

   -against-

ORION BUILDERS, INC. et al.,

          Defendants.

Case No. 06-CV-2789 (~~KMW~~) (~~LMS~~) (THK)

**STIPULATION AND AGREEMENT OF SETTLEMENT**

       This Stipulation and Agreement of Settlement (the "Settlement Agreement") is entered into pursuant to Rule 23(e) of the Federal Rules of Civil Procedure by and between the undersigned parties, who now agree to the terms and conditions set forth below:

       **WHEREAS**, on or about April 10, 2006, Plaintiff Saul Marcelo Cuzco commenced this action by filing and service of a Summons and Complaint against Defendants Orion Builders, Inc. and Jan Kvas; and

       **WHEREAS**, on or about June 25, 2006, Defendants interposed an Answer to the Complaint denying the material allegations therein; and

       **WHEREAS**, on or about March 6, 2007, Plaintiffs interposed a First Amended Complaint, and

       **WHEREAS**, Defendants interposed an Answer to the First Amended Complaints on or about June 1, 2007, continuing to deny the material allegations therein; and

       **WHEREAS**, the parties conducted discovery relating to their respective claims and defenses, including but not limited to depositions of the then-existing parties to this action; and

       **WHEREAS**, on March 12, 2007, following briefing and argument by all parties, the Court issued a Decision and Order: (i) certifying Plaintiffs' claims under the Fair Labor

1

Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, as a collective action, (ii) authorizing that

notice of the litigation be provided to potential class members, and (iii) defining the prospective

class as "All construction or carpentry workers who were employed by Defendants at any time

from September 1, 2002 through December 31, 2005"; and

  **WHEREAS,** Plaintiffs Claudio Figueroa and Bolivar Guiracocha consented to join the

FLSA class action; and

  **WHEREAS,** on October 26, 2007, Plaintiffs moved for class certification of their

New York Labor Law ("NYLL") claims and Plaintiffs and Defendants cross-moved for

summary judgment of both the FLSA and NYLL claims; and

  **WHEREAS,** on September 30, 2009, the Court issued an Opinion and Order: (i) granting

Plaintiff's motion for class certification; (ii) granting in Plaintiff's motion for summary judgment

for Plaintiff's unpaid minimum wage and overtime wages and (iii) deferring consideration of the

merits of Plaintiff's NYLL class claims until adequate notice has been provided to potential class

members; and

  **WHEREAS,** on January 29, 2010 Plaintiffs submitted their renewed motion for

summary judgment on their NYLL claims; and

  **WHEREAS,** on May 26, 2010, the Court issued an Opinion and Order: (i) granting

Plaintiff's motion for summary judgment on their NYLL claims; (ii) referring the case to

Magistrate Judge Theodore H. Katz for an inquest into damages; and

  **WHEREAS,** notice of this action was provided to potential class members who were

permitted to opt-in with respect to the FLSA collective action by April 19, 2007 or opt-out with

respect to the New York Labor Law claims, until December 23, 2009; and

**WHEREAS**, on December 9, 2010, the parties participated in settlement conference was conducted before United States Magistrate Judge Theodore H. Katz; and

**WHEREAS**, Plaintiffs and their counsel believe that the terms and conditions of this Settlement Agreement are fair, reasonable and adequate, will confer substantial benefits upon class members, and will avoid the attendant risks and costs of continued litigation.

**NOW, THEREFORE**, it is hereby **STIPULATED AND AGREED** as follows:

1.    **DEFINITIONS**

As used in this Settlement Agreement, all capitalized words not otherwise defined shall have the following meanings:

(i)     "Claimant" means any Class Member who files a Proof of Claim.

(ii)    "Class" or "Class Members" mean all construction or carpentry workers who were employed by Defendants at any time from September 1, 2002 through December 31, 2005. Excluded from the Class are Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

(iii)   "Claims Administrator" means the Workers' Rights Law Center of New York, Inc., 101 Hurley Avenue, Suite 5, Kingston, New York 12401, which shall provide notice to Class Members and administer this Settlement Agreement.

(iv)    "Notice Period" commences immediately and terminates 150 days from the date the Preliminary Approval Order is entered into the docket in this matter.

(v)     "Class Representatives" means named Plaintiffs.

(vi)    "Court" means the United States District Court for the Southern District of New York.

3

(vii)    "Defendants" mean all party defendants named in the First Amended Complaint.

(viii)   "Effective Date of Settlement" or "Effective Date" means the date upon which all of the following have occurred: (i) entry of an order(s) by the Court granting final approval to this Settlement Agreement and dismissing this action in accordance with its terms; and (ii) the appeal period (i.e., 30 days) has run without an appeal of any Court order, or in the event of an appeal, the Parties have received actual notice that the Settlement Agreement has received final approval after the completion of the appellate process.

(ix)    "Fairness Hearing" means the hearing to be held by the Court pursuant to the terms of the Preliminary Approval Order and pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

(x)    "Defendants' Counsel" means the law firm of "The Hilpert Law Offices."

(xi)    "Notice" means the Notice of Proposed Settlement of Class Action that will be mailed and otherwise disseminated to Class Members substantially in the form attached hereto as Exhibit "C."

(xii)    "Order and Final Judgment" means the proposed order to be entered approving the Settlement substantially in the form attached hereto as Exhibit B.

(xiii)    "Parties" means the Class Representatives, Class Members and Defendants.

(xiv)    "Person" means an individual, corporation (including all divisions and subsidiaries), partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives or assigns.

4

(xv)    "Plaintiffs' Counsel" means The Workers' Rights Center of New York and

Charny & Associates.

(xvi)    "Plan of Allocation" means the plan or formula for the allocation and distribution

of the Settlement Fund to Authorized Claimants.

(xvii)   "Preliminary Approval Order" means the proposed order preliminarily approving

this Settlement Agreement and directing notice thereof to the Class substantially in the form

attached hereto as Exhibit A.

(xviii)  "Qualified Claimant" means any Class Member who submits a timely and valid

Proof of Claim and Release form ("Proof of Claim") substantially in the form attached hereto as

Exhibit C that is accepted by the Claims Administrator.

(xix)    "Released Claims" means any and all claims, rights, demands, causes of actions,

suits, matters, and issues, whether known or unknown, and whether based on federal, state, local,

statutory or common law or any other law, rule or regulation that have been or could have been

asserted at any time against any of the Released Parties by any member of the Class in this action

or in any court of competent jurisdiction, which arise out of or relate in any way to any of the

allegations, transactions, facts, occurrences, matters, representations or omissions involved, set

forth, or referred to in the Third Amended Complaint.

(xx)    "Released Parties" means any and all of the Defendants and any and each of

Defendant's former and present parents, subsidiaries, affiliates, shareholders, directors, officers,

employees, agents, representatives, accountants, attorneys, insurers, investment bankers, heirs,

executors, administrators, beneficiaries, predecessors, successors and assigns.

(xxi)   "Settlement Amount" means the total monetary amount being paid by

Defendants pursuant to this Settlement Agreement, which amount is $17,000. The Settlement

5

Amount shall be comprised of the following payments: (i) $10,000 as damages paid to the class; (ii) attorney's fees to Plaintiffs' Counsel in the amount of $5,000 and (iii) settlement administration fee to paid to Claims Administrator in the amount of $2,000.

(xxii) "Contingent Settlement Amount" means the total monetary amount being paid to Defendants pursuant to this Settlement Agreement, which amount is $33,000, dependent on the outcome of litigation identified as <u>Orion Builders, Inc. and AJK Homes, Inc. v. Andrea Lane Associates Corp.</u>, Supreme Court, Westchester County, State of New York, Index No. 6079/10.

(xxiii) "Settlement Fund" means those funds held in an attorney trust account by Plaintiffs' Counsel for the payment of claims to Qualified Claimants pursuant to the Plan of Allocation.

## 2.   THE SETTLEMENT AMOUNT AND CONTINGENT SETTLMENT AMOUNT

A.    The Settlement Amount of $17,000 shall be payable as follows:

(i)      Plaintiffs acknowledge receipt of a payment of $2,500 which has been placed in the Settlement Fund. No later than February 10, 20111, Defendants shall deliver to Plaintiffs' counsel certified checks or money orders in the amount of $2,500.

(ii)      Commencing in April 1, 2011, Defendants shall make twenty-four (24) consecutive monthly payments in the amount of $500 payable to the WRLC.

B.    The Contingent Settlement Amount of $33,000 shall be payable based any judgment settlement or otherwise from the matter <u>Orion Builders, Inc. and AJK Homes, Inc. v. Andrea Lane Associates Corp.</u>, Supreme Court, Westchester County, State of New York, Index No. 6079/10. The proceed of this litigation shall be allocated as follows: first to the payment of legal fees; second dollar for dollar evenly between the plaintiff in that litigation and the collective Plaintiffs in this litigation, until such time as the Plaintiffs in this litigation have

6

received an additional $33,000.  Thereafter, Plaintiffs have no entitlement to any proceeds of that litigation. If there is no recovery in that litigation or the recovery does not net $33,000 to the Plaintiffs, such sum as is actually received, if any, and regardless of the amount, is deemed full satisfaction and accord of Defendant's obligation as to that $33,000.

      C.     Nothing in this Settlement Agreement shall prohibit Defendants from making pre-payments of the Settlement Amount without penalty or any other adverse consequences, as long as the method of payment is consistent with the methods set forth herein.

**3.**     **THE SETTLEMENT FUND AND PLAN OF ALLOCATION**

      A.     At the conclusion of the Claim Period, the Claims Administrator shall allocate all of the Settlement Funds to the Qualified Claimants on a pro rata basis in the following manner: (1) The pro rata allocation will be based on the damages excluding damages for late payment of wages; and (2) If there remains funds in the Settlement Fund, such funds shall be allocated to the Qualified Claimants pro rate based on damages for late of payment of wages.

      B.     These allocations will be based on the damages calculations submitted to the Court as part of the inquest on damages and are deemed incorporated into this agreement.

      C.     If and when there are Settlement Funds recovered at a later date pursuant to the Contingent Settlement Amount, the Claims Administrator shall allocate such Funds pursuant to this plan of allocation.

**4.**     **NOTICE TO THE SETTLEMENT CLASS**

      A.     Within ten (10) business days of entry of the Preliminary Approval Order. Defendants will provide to Plaintiffs' Counsel the names and last known addresses of non-management persons they employed during the Class Period, to the extent they have such information in their possession.  Plaintiffs' Counsel will use this information solely for the

purpose of distributing class notice as ordered by the Court, and will not use it for any other purpose.

      B.    Within thirty (30) days of entry of the Preliminary Approval Order:

            (i)    Plaintiffs' Counsel shall mail the Notice and Proof of Claim, in English and in Spanish, to the last-known addresses of the Class Members;

            (ii)    Plaintiffs' Counsel shall attempt to post and distribute notice of the class settlement at locations in Dutchess County, New York and Westchester County, New York where Class Members congregate vocationally or avocationally.

            (iii)    Plaintiffs' Counsel shall attempt to post and distribute notice of the class settlement at locations outside the United States at which they reasonably determine Class Members are likely to congregate.

            (iv)    Plaintiffs' Counsel shall post the Notice and Proof of Claim, in English and in Spanish, on their website:  http://www.workersrightsny.org.

            (v)    Orion Builders Defendants shall distribute copies of the Notice and Proof of Claim form, in English and in Spanish, to all current employees; and

            (vi)    Orion Builders Defendants shall conspicuously post copies of the Notice and Proof of Claim form, in English and in Spanish, in each of their facilities.

## 4.    **CLAIM PROCESS**

      A.    For purposes of determining the extent, if any, to which a Class Member shall be entitled to be treated as a Qualified Claimant, the following conditions shall apply:

            i.    Each Class Member shall be required to submit a Proof of Claim, supported by such documents as are designated therein or such other documents or proof as the Claims Administrator may deem acceptable;

8

ii.      All Proofs of Claim must be submitted by the date specified in the Notice (the "Notice Period") unless such period is extended by order of the Court. Any Class Member who fails to submit a valid and timely Proof of Claim by such date shall be forever barred from receiving any payment pursuant to this Settlement Agreement (unless, by order of the Court, a later submitted Proof of Claim by such Class Member is approved), but shall in all other respects be bound by all of the terms of this Settlement Agreement, including the terms of the Order and Final Judgment to be entered in this action and the releases provided for herein, and will be barred from bringing any action against the Released Parties asserting the Released Claims;

iii.      A Proof of Claim shall be deemed to have been submitted when posted, if received with a postmark indicated on the envelope on or before the end of the Notice Period and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator;

iv.      Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, who shall determine, in accordance with this Settlement Agreement, the extent, if any, to which each claim shall be allowed, subject to review by the Court pursuant to subparagraph (vii) below;

v.      Proofs of Claim that do not meet the submission requirements may be rejected.  Prior to rejection of a Proof of Claim, the Claims Administrator shall notify the Claimant in writing of such rejection to provide the Claimant with an

opportunity to remedy the curable deficiencies in the Proof of Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Proofs of Claim they propose to reject in whole or in part, setting forth the reasons for such rejection, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (vii) below;

vi.     If any Claimant whose claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (vi) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a claim cannot be otherwise resolved by the Claims Administrator, Plaintiffs' Counsel and the Claimant, Plaintiffs' Counsel shall thereafter present the request for review by the Court;

vii.     After resolving all Claimant disputes, the Claims Administrator shall provide Defendants' Counsel with a spreadsheet identifying: (a) the names of all Qualified Claimants and the periods of time in which they worked; and (b) the amounts to be paid to all Qualified Claimants. If Defendants dispute any of the determinations or computations made by the Claims Administrator, they shall promptly seek review by the Court.

10

B.      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim.  All proceedings with respect to the administration, processing and determination of claims pursuant to this Settlement Agreement, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of this Court.

C.      The Settlement Fund shall begin distributing monies to Qualified Claimants by the Claims Administrator only after the Effective Date and after:

(ii)     all claims have been processed, and all Claimants whose claims have been rejected or disallowed, in whole or in part, have been notified and provided the opportunity to be heard concerning such rejection or disallowance;

(iii)    all Claimant disputes over rejected or disallowed claims, and any objections raised by Defendants concerning allowed claims, have been resolved by the Court, and all appeals therefrom have been resolved or the time for such appeals has expired; and

(iv)    all matters with respect to attorneys' fees, compensatory awards, and disbursements have been resolved by the Court, all appeals therefrom have been resolved or the time for such appeals has expired.

D.      The Plan of Allocation proposed in the Notice is not a necessary term of this Settlement Agreement, and it is not a condition of this Settlement Agreement that any particular Plan of Allocation be approved.  It is understood and agreed by the Parties hereto that the proposed Plan of Allocation is not part of the Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement terms otherwise set forth herein, and any order or proceeding relating to the

11

Plan of Allocation shall not operate to terminate or cancel this Settlement Agreement or affect the finality of the Court's Order and Final Judgment.

C.     No Person shall have any claim against any of the Plaintiffs' Counsel or other Class Members, or the Defendants or any of their counsel, based upon the Claims Administrator's decisions as to the acceptance or rejection of Proofs of Claim, the Plan of Allocation or further orders of the Court.

D.     The Released Parties and their counsel shall have no liability whatsoever with respect to:

(i)     any act, omission or determination of the Claims Administrator, Compliance Counsel or Plaintiffs' Counsel or any of their designees or agents, in connection with the administration of the Settlement;

(ii)     the management or distribution of the Settlement Fund, or any part of the Settlement Amount;

(iii)     the determination, administration, calculation or payment of any claims asserted against the Settlement Fund;

(iv)     the Plan of Allocation;

(v)     the payment or withholding of taxes in connection with any of the foregoing; or

(vi)     any losses incurred in connection with any of the foregoing.

5.     **UNDISTRIBUTED PROCEEDS FROM SETTLEMENT FUND**

Following the complete distribution of the Settlement Fund, the full administration of all Claims, full exhaustion of the litigation underlying the Contingent Settlement Amount and full compliance by the Claims Administrator of the Plan of Allocation, any monies remaining in the

12

Settlement Fund, shall be remitted to the Workplace Education Center, in Sullivan County, New York (herein WEC).

WEC shall have no rights as a third-party beneficiary, and is not intended by the Parties to this Settlement Agreement to be a third-party beneficiary, with respect to any residual monies in the Settlement Fund.

## 6.    **OPTING OUT OF THE SETTLEMENT**

A.    Any Class Member who does not wish to participate in the Settlement and wishes to opt-out for purposes of any claim he or she may have against Defendants may file a timely request for exclusion pursuant to the terms set forth in the Notice.  Any Class Member who timely submits such a request for exclusion will be barred from participation in the Settlement, and shall receive no benefit from the Settlement.

B.    If any Claimant challenges a determination made by the Claims Administrator regarding a Proof of Claim and also submits a request for exclusion pursuant to Paragraph 8(A) above, the request for exclusion will be invalid.  In that event, the Claims Administrator shall advise the Claimant, in a written communication included with its written notice informing the Claimant whether the challenge was successful, that he or she may re-submit a second request for exclusion and that such request for exclusion will be timely only if it is postmarked (or actually received if delivered by hand) within fifteen (15) days after the Claims Administrator sent written notice informing the Claimant whether the challenge was successful.  If such Claimant fails to submit a timely second request for exclusion, he or she will be bound by all of the terms of this Settlement Agreement, including the terms of the Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from asserting any of the Released Claims against any of the Released Parties, as provided herein.

13

7.      **NO SOLICITATION OF SETTLEMENT OBJECTIONS**

The Parties agree to use their best efforts to carry out the terms of this Settlement Agreement.  At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members or any other persons: (i) to submit written objections to the Settlement; (ii) to opt-out of the Settlement; (iii) to appeal or make any other application for relief from the Final Order and Judgment.  However, if contacted by a Class Member, Plaintiffs' Counsel may provide advice or assistance regarding any aspect of the Settlement requested by such Class Member.

8.      **NO RETALIATION OR INTERFERENCE WITH CLAIMS PROCESS**

A.      Defendants agree that they shall not intimidate, restrain, coerce, blacklist, discharge or otherwise retaliate against any of the Plaintiffs Representatives or Class Members as a result of their presentation of the claims asserted in this lawsuit or their participation in this Settlement.  Defendants acknowledge that any such action may be in violation of the FLSA and New York Labor Law.  Defendants will not take any action, or cause to be taken any action, that dissuades, intimidates, discourages, or interferes with any prospective or current Class Member's attempt to obtain information about this Settlement Agreement or submit a claim for his/her share of the settlement proceeds.  If any prospective or current Class Members make any inquiries with any Defendant or Defendants' agents about this Settlement Agreement, or any rights and/or remedies available hereunder, the Defendant or Defendants' agent's shall respond, in substance, as follows: "You have a right to claim money from the settlement of this case and we will not interfere with that right.  For a claim form, contact the Workers' Rights Law Center at (845) 331-6615."

14

B.      The Court shall retain jurisdiction to hear any claims brought by any prospective or current class member that Defendants violated the anti-retaliation and anti-interference provisions of this Agreement

## 9.      **RELEASES**

A.      The obligations incurred pursuant to this Settlement Agreement shall be in full and final disposition of this action as against the Defendants and any and all Released Claims as against all Released Parties.

B.      Upon the Effective Date, Plaintiffs and Class Members (other than Class Members who have timely and validly requested to be excluded from the Class) on behalf of themselves and any of their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates and subsidiaries, shall be deemed to have, and by operation of the Order and Final Judgment, shall have fully, finally and forever released, relinquished, and discharged, and shall forever be enjoined from prosecuting, either directly or in any other capacity, each and all of the Released Claims against any of the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim and Release form.  By entering this Settlement Agreement, the Lead Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred, or otherwise granted any interest in the Released Claims, or any of them, to any other party or entity.

C.      The Parties are aware of no facts or circumstances that would give rise to any violations of Rule 11 of the Federal Rules of Civil Procedure relating to this action.

15

10.    **ATTORNEYS' FEES**

A.      Plaintiffs' Counsel hereby apply to the Court for an award of attorneys' fees of $5,000 from the Settlement Amount and $11,000 from the Contingent Settlement Amount, should there be proceeds from the Contingent Settlement Amount. Plaintiffs' Counsel will not be permitted to petition the Court for, or accept, any additional or future payments for fees and expenses.

B.      Notwithstanding any other provision of this Settlement Agreement to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any applications by Plaintiffs' Counsel for attorneys' fees to be paid out of the Settlement Fund is not a condition of this Settlement Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings related to the fees or expenses or interest thereon, application, or any appeal from any order relating thereto or reversal or modification thereof, shall not modify, terminate, or cancel this Settlement Agreement, be deemed material thereto, or affect or delay the finality of the Order and Final Judgment.

C.      The Released Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Plaintiffs' Counsel separate and apart from the Settlement Amount. The payment to Plaintiffs' Counsel of attorney's fees pursuant to this Settlement Agreement, as authorized and approved by the Court, shall constitute full and final satisfaction of any obligation to pay any amounts to any person, attorney or law firm for attorney's fees, expenses or costs in this action incurred by any attorney on behalf of the Class Representatives or Class Members, and upon such payment Plaintiffs' Counsel will be deemed to

16

have released the Released Parties from any and all claims arising from this action, including but not limited to attorney's fees, expenses and/or costs.

**11.**   **THE PRELIMINARY APPROVAL ORDER**

The Parties agree to submit the Motion Seeking Entry of Preliminary Approval Order, in the form attached as Exhibit A.

**12.**   **TERMS OF ORDER AND FINAL JUDGMENT**

At the Fairness Hearing, the Parties agree to jointly request entry of an Order and Final Judgment, in the form attached hereto as Exhibit B.

**13.**   **BANKRUPTCY**

A.   If at any time before full payment of the Settlement Amount by Defendants, Defendants intend to file in any court of competent jurisdiction either of the United States or any State of the United States a petition in bankruptcy of insolvency or for reorganization of any kind or for the appointment of a receiver or trustee of all or a portion of Defendants' assets, or if Defendants intend to make an assignment for the benefit of creditors or petition for or enter into any arrangement or composition with creditors, or take advantage of any statute regarding bankruptcy or the forgiveness of debt, Defendants must provide Plaintiffs' Counsel with ten (10) days notice prior to the filing, commencement or execution of any such action.

B.   If at any time before payment of the full Settlement Amount by Defendants, Defendants in fact file in any court of competent jurisdiction either of the United States or any State of the United States a petition in bankruptcy of insolvency or for reorganization of any kind or for the appointment of a receiver or trustee of all or a portion of Defendants' assets, or if Defendants in fact make an assignment for the benefit of creditors or petition for or enter into any arrangement or composition with creditors, or take advantage of any statute regarding

17

bankruptcy, such action shall constitute a default under this Settlement Agreement, and Plaintiffs may pursue and any all remedies as may be available to them under applicable law.

      C.      In any instance regarding bankruptcy or other reorganization or receivership relating to Defendants, Plaintiffs shall retain all of their rights and remedies under this Settlement Agreement as permitted by applicable law, including but not limited to the Employment Practices Plan.

**14.**     **LATE PAYMENTS**

      Any payment not made on time would not be deemed a default of this Agreement if the payment were then made no later than two months after the due date of the late payment. To wit: if Defendants fail to make the August payment and failed to make the September payment, those would not be in default so long as they were made with or prior to the October payment.

**15.**     **MUTUAL COOPERATION**

      Plaintiffs' Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking this Court's approval of the Preliminary Approval Order, the Settlement Agreement and entry of the Order and Final Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

**16.**     **ENTIRE AGREEMENT**

      This Settlement Agreement and its exhibits constitute the entire agreement among the Parties hereto concerning the Settlement of the Action, and no representations, warranties or inducements have been made by any Party hereto concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

18

17.   **COUNTERPARTS**

This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.

18.   **MUTUAL DRAFTING**

This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

19.   **AUTHORITY**

All counsel and any other Person executing this Settlement Agreement and any of the exhibits hereto, or any related settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to its terms.

20.   **NOTICES**

Written notice required pursuant to or in connection with this Settlement Agreement shall be addressed to the undersigned counsel below by First Class Mail and either facsimile or email transmission.

19

WORKERS' RIGHTS LAW CENTER OF
NEW YORK, INC.

Dated:  February 7, 2011

By:  /s/ Milan Bhatt (MB 6843___
      Milan Bhatt
      101 Hurley Avenue, Suite 5
      Kingston, New York 12401
      Tel - 845-331-6615
      Fax - 845-

Attorneys for Plaintiffs

CHARNY & ASSOCIATES

Dated:  February 7, 2011

By:  /s/ Nathaniel K. Charny (NC 5664)
      Nathaniel K. Charny
      9 West Market Street, Suite B
      Rhinebeck, New York  12572
      Tel - 845-876-7500
      Fax - 845-876-7501

Attorneys for Plaintiffs

THE HILPERT LAW OFFICES

Dated: February 8, 2011

By:
      Robert J. Hilpert
      75 South Riverside Avenue
      Croton-on-Hudson, New York 10520
      Tel - 914-271-2100
      Fax - 914-271-2141

Attorneys for Defendants

20